```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | Case No. |
| LIABILITY LITIGATION | * | 4:13-cv-371 (Bookil) |

O R D E R

Plaintiff Patsy Bookil filed an action against Defendant Mentor Worldwide LLC in Minnesota state court. Mentor removed the action to the United States District Court for the District of Minnesota. The Judicial Panel on Multidistrict Litigation transferred the action to this multidistrict litigation proceeding. Shortly after Bookil's case was placed on an expedited discovery track, her attorneys filed a motion to withdraw, asserting that Bookil has failed to communicate with them despite their repeated efforts to reach her. The Court denied the motion to withdraw and ordered counsel to show cause why Bookil's action should not be dismissed for failure to prosecute. Bookil's attorneys were still unable to reach Bookil, but they asked that her case not be dismissed because they do not know whether she intends to seek other counsel or continue *pro se*.

Under the circumstances of this case, the Court finds it appropriate to remand this action to the United States District

Court for the District of Minnesota so that Court can evaluate the motion to withdraw. Since that Court would have to handle the trial of a complex product liability case with a *pro se* plaintiff, that Court is in the best position to evaluate whether counsel should be permitted to withdraw. Accordingly, the Court suggests that Bookil's action against Mentor be remanded to the United States District Court for the District of Minnesota. This Order contains a brief chronicle of the coordinated proceedings to provide guidance to the transferor court after remand.

## I. Brief Background of the Mentor ObTape MDL

Mentor Worldwide LLC manufactured and sold a polypropylene mesh suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. The United States Food and Drug Administration cleared ObTape for sale in 2003 via its 510(k) regulatory process, and ObTape remained on the market in the United States until March 2006.

Several years ago, women who had been surgically implanted with ObTape began filing lawsuits against Mentor, alleging that they had been injured by ObTape—primarily that they suffered infections caused by ObTape and that they were injured when ObTape eroded through their bodily tissues. In December 2008, the Judicial Panel on Multidistrict Litigation created MDL No.

2004 and transferred seventeen actions involving alleged injuries resulting from ObTape to this Court for consolidated and coordinated pretrial proceedings. *See In re Mentor Corp. ObTape Transobturator Sling Products Liability Litigation*, 588 F. Supp. 2d 1374 (J.P.M.L. 2008). After pretrial proceedings and a bellwether trial that settled mid-trial, the original cases and approximately forty additional tag-along cases transferred to this Court were resolved through settlement. Since then, MDL No. 2004 has grown to include more than 800 additional tag-along cases, nearly 250 of which remain open. The litigation was divided into separate phases, and cases from phases IV and V are still pending. In 2013, the Court tried a Phase III bellwether case to verdict. In 2016, the Court tried a Phase IV-1 bellwether case to verdict.

**II. Overview of Bookil's Case**

Bookil filed her Complaint in Fourth Judicial District Court for Hennepin County, Minnesota and served Mentor on July 9, 2013. Mentor removed the case to federal court, and it was transferred to this multidistrict litigation proceeding. Bookil's case was designated as a Phase IV-6 case, with the following deadlines:

| Task | Deadline |
|---|---|
| Serve Plaintiff Fact Sheet and Executed Medical Authorization; provide Mentor with copies of all medical records in plaintiffs' counsel's possession | April 4, 2016 |

| Task | Deadline |
|---|---|
| Serve Defendant Fact Sheet | May 2, 2016 |
| Complete Plaintiff-Specific Fact Discovery | June 13, 2016 |
| Serve Plaintiff's Expert Disclosures | June 27, 2016 |
| Serve Defendant's Expert Disclosures; File Summary Judgment Motions and case-dispositive Daubert Motions | July 25, 2016 |
| Responses to Summary Judgment Motions | August 8, 2016 |
| Replies to Summary Judgment Motions | August 15, 2016 |

Plaintiff-specific fact discovery has not yet closed, and dispositive motions have not yet been filed.

CONCLUSION

As discussed above, the Court suggests that this action be remanded to the United States District Court for the District of Minnesota.  The Clerk of the Court shall provide a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation, and Bookil's counsel shall send a copy to Bookil.

IT IS SO ORDERED, this 25th day of May, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA